WILLIAM SOMMERS ET AL. v. JOHN MYERS ET AL.

Argued February 25, 1902—Decided February 24, 1903.

1. Plaintiffs contracted to build for defendants an observation wheel, and in consideration of the sum of $200 per annum agreed to give the defendants the exclusive privilege of running and operating the wheel at a seaside resort during the continuation of the letters-patent. The wheel was completed and paid for by defendants, and operated for the period of one year and the royalty for that year paid. In an action to recover the accrued royalties for the succeeding four years unpaid—*Held*—

(1) That it was no defence to the plaintiffs' action that for two years of the time for which royalties were demanded defendants did not own or run the wheel.

(2) That the contract sued on was in no way violative of public policy.

2. Where the defence of fraud is not specified in the notice attached to the plea, the question of fraud in the consideration of the contract may be gone into at the trial with the consent of counsel of plaintiff.

3. A charge that the defence of fraud, under the conditions developed in the testimony, could only be used for the purpose of reducing the amounts of plaintiffs' recovery, and that even if the evidence would support the conclusion that there was fraud in the consideration of the contract, yet there was nothing to show that any loss had been sustained by the defendants by reason of such fraud, was correct.

4. A promise to remit royalties, made by one of the plaintiffs to one of the defendants, unless the plaintiffs should stop other wheels from running in competition, was, if made, without consideration to support it.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the rule, *William I. Garrison* and *John W. Wescott.*

*Contra, Robert H. Ingersoll.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs, doing business as William Sommers & Company, and the defendants, doing

business as Johnson, Myers & Company, entered into a written agreement to the following effect: That in consideration of the sum of $5,500 the plaintiffs contracted to build for the defendants an "observation roundabout" wheel, the details of the construction of which were specifically set out in the agreement. The defendants agreed to pay the plaintiffs the said sum of $5,500 in installments, the last installment to be paid when the wheel was completed and in perfect running order. In consideration of the further sum of $200 per annum the plaintiffs agreed to give the defendants the *exclusive* privilege of running and operating the device known as "observation roundabouts" *at South Beach,* Staten Island, New York, during the life of the letters-patent No. 489,238 granted for the same; and the defendants agreed to pay to the plaintiffs for that privilege $200 annually on the 1st day of August of each year during the continuance of the letters-patent. The "observation roundabout" wheel was completed by the plaintiffs in accordance with the provisions of the agreement, and the sum of $5,500 paid for it by the defendants. After its completion it was operated by the latter for the period of one year, and the royalty for that year was paid by them. This suit is brought to collect the royalty which, it is claimed, has accrued on the wheel for the four succeeding years, but which still remains unpaid.

To the declaration filed in the case the defendants pleaded the general issue, and attached to the plea the following notice: "Take notice that, under the plea of general issue, the defendants will offer evidence in bar of a part of the amount sued upon, to show (1) that during two years of the time set forth in the bill of particulars in plaintiffs' declaration defendants were neither owner nor had they run the wheel referred to, and that, at and before the beginning of the two years' period, they had parted with all right or ownership in the same; (2) to show that the contract sued upon is against public policy."

The matters set out in the first provision of the notice are no defence to the plaintiffs' action. Nor is the contract sued upon in any way violative of the public policy of the state.

At the trial of the case, however, the defendants offered evidence to show that they were induced to enter into the contract sued upon by false and fraudulent representations, made by the plaintiffs, of the exclusive character of the rights which would pass under the contract and of the value of those rights. The defence of fraud is not specified in the notice attached to the plea, but, at the trial, counsel for the plaintiffs waived their right to confine the defence to the matters set up in the notice, and expressed his willingness that the question of fraud in the consideration of the contract should be gone into. Under this condition of affairs, the trial judge properly permitted the question of fraud to be injected into the case by the defence, notwithstanding that it was not set out in the notice attached to the plea.

Evidence was also offered by the defence to show that one of the plaintiffs, about a year after the completion of the "observation roundabout" wheel, upon being informed by one of the defendants that it was not a money-maker, because there were other wheels, at other places, being run in competition with it, by reason whereof the public had grown tired of it, promised that, unless the plaintiffs were able to stop these other wheels from running, the defendants need not pay any further royalties; and that the plaintiffs tried, but unsuccessfully, to do so.

In charging the jury the trial judge instructed them that the defence of fraud, under the conditions which had been developed by the testimony, could only be used for the purpose of reducing the amount of the plaintiffs' recovery—not as a bar to the action (*Lord* v. *Brookfield,* 8 *Vroom* 552); that even if the evidence submitted would support the conclusion that fraud existed in the consideration of the contract, yet there was nothing to show that any loss had been sustained by the defendants by reason of such fraud. He further instructed them that the promise of one of the plaintiffs to one of the defendants to exonerate the latter from the payment of further royalties, unless the plaintiffs should stop other wheels from running (if the jury should find such a promise to have been made), was no defence to the action;

that there was no consideration to support it, and that it was therefore without legal validity. He concluded his instruction by directing the jury to render a verdict in favor of the plaintiffs for the full amount of their claim.

An examination of the testimony shows that the statement of the trial judge that there were no facts proved which would justify the conclusion that any loss had been sustained by the defendants by reason of the alleged false and fraudulent representations, made to them by the plaintiffs, as to the exclusive character of the rights which they would get under their contract and of their value, was justified by the proof. The same is true with regard to the statement made by him to the effect that the promise to remit royalties, if made, was without consideration to support it.

These two matters being the only ones set up by the defendants at the trial, either in bar of the action, or in reduction of the plaintiffs' claim, there was no error in the direction of a verdict for the full amount sued for by the plaintiffs.

The rule to show cause should be discharged.